UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:13-cr-385-VMC-AEP

RONALD BELL

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Ronald Bell's pro se Motion for Compassionate Release (Doc. # 61), filed on August 10, 2021. The United States responded on August 25, 2021. (Doc. # 63). For the reasons set forth below, the Motion is denied.

I.   **Background**

In June 2014, the Court sentenced Bell to 188 months' imprisonment after he pled guilty to being a felon in possession of a firearm. (Doc. # 32 at 1-2). Bell is 56 years old and is projected to be released from FCI Coleman Low in January 2027.[1]

In the Motion, Bell seeks compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, because of his medical conditions, which

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

include high blood pressure, diabetes, and a recent spinal surgery. (Doc. # 61 at 1). Prior to filing the instant Motion, Bell made a request to the Bureau of Prisons ("BOP") for compassionate release, which the warden denied on April 5, 2021. (Doc. # 63-1). The United States has responded (Doc. # 63), and the Motion is now ripe for review.

**II.**   **Discussion**

The United States argues that Bell has not identified "extraordinary and compelling reasons" that would justify granting the instant Motion, even assuming that he has exhausted his administrative remedies. (Doc. # 63 at 9). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Bell argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a

reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Even assuming that Bell has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling. The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not

grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Bell bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Bell cites to a number of underlying medical conditions, which include high blood pressure, diabetes, and a recent spinal surgery. (Doc. # 61 at 1). However, Bell has not demonstrated that these conditions are serious such that they substantially diminish his ability to provide self-care in prison. See USSG § 1B1.13, comment. (n.1); see also United States v. Rodriguez-Campana, No. 18-CR-60250, 2021 WL 602607, at *4-5 (S.D. Fla. Feb. 16, 2021) (denying motion for compassionate release filed by inmate who suffered from hypertension, high cholesterol, prediabetes, and had a history of lung problems, where inmate had failed to demonstrate that "any of his present ailments are terminal, that they substantially diminish his ability to provide self-care within the correctional facility, or that they are not being properly attended to by the BOP."). What's more, Bell's

medical records indicate that he is fully vaccinated against COVID-19. See (Doc. # 63-2) (filed under seal).

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. The Court notes that Bell was sentenced as an armed career criminal and he pled guilty to being a felon in possession of a firearm. (Doc. # 63 at 15). Bell has served approximately half of his sentence and the Court finds that the need for deterrence and to protect the public weighs against release at this time.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Ronald Bell's pro se Motion for Compassionate Release (Doc. # 61) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of August, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE