UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No.: 8:13-cr-385-VMC-AEP

RONALD BELL

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Ronald Bell's pro se Motion for Compassionate Release under U.S.S.G. § 1B1.13 (Doc. # 68), filed on November 20, 2023. The United States of America responded on December 22, 2023. (Doc. # 72). For the reasons set forth below, the Motion is denied.

**I.   Background**

On June 30, 2014, the Court sentenced Mr. Bell to a 188-month term of imprisonment after he pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) pursuant to a plea agreement. (Doc. # 32 at 1-2). Mr. Bell is 60 years old and is projected to be released on January 13, 2026.[1]

Mr. Bell first moved for compassionate release on June 17, 2020. (Doc. # 44). On July 13, 2020, the Court denied

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

his motion without prejudice for failure to exhaust administrative remedies. (Doc. # 50). Mr. Bell then moved for compassionate release again on August 10, 2021. (Doc. # 61). The Court denied the motion on September 1, 2021, finding that Mr. Bell had not established an extraordinary and compelling reason for release and that the Section 3553(a) factors weighed against release. (Doc. # 67).

Now, Mr. Bell moves for compassionate release from prison under U.S.S.G. § 1B1.13. In the instant Motion, Mr. Bell implies that compassionate release is appropriate because the sentence he would receive today would be shorter than the sentence he received under the plea agreement in 2014. (Doc. # 68 at 1). The United States has responded (Doc. # 72), and the Motion is now ripe for review.

**II.  Discussion**

The United States argues the Motion should be denied because Mr. Bell has not exhausted his administrative remedies, Mr. Bell has not established an extraordinary and compelling reason for compassionate release, and Mr. Bell is a danger to others and the Section 3553(a) factors weigh against release. (Doc. # 72 at 5-6, 18-20).

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."

United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, a district court may reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). When the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment after considering the 18 U.S.C. § 3553(a) factors, if it finds that extraordinary and compelling reasons warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has the burden of showing that his circumstances warrant a sentence reduction. United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

Assuming Mr. Bell has exhausted his administrative remedies, the Motion is denied because he has not demonstrated that his circumstances are extraordinary and compelling. Under U.S.S.G. § 1B1.13, there are six extraordinary and compelling reasons that may justify release: "(1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." U.S. v. Allen, 717 F. Supp. 3d 1308, 1312 (N.D. Ga. 2024).

In his Motion, Mr. Bell relies on the "unusually long sentence" category within U.S.S.G. § 1B1.13 and suggests that a change in law may result in a lower sentence today in his case. (Doc. # 68 at 1). There is no support for this assertion within the Motion. (<u>Id.</u>). The Court is not persuaded that Mr. Bell would receive a lower sentence today. Rather, the Court agrees with the United States that Mr. Bell's sentence of 188 months, which is only eight months over the mandatory minimum sentence for the offense, cannot reasonably be construed as unusually long. (Doc. # 72 at 18).

Regardless, even if Mr. Bell could establish that his sentence was unusually long and the sentencing disparity constitutes an extraordinary and compelling reason for release, compassionate release would still be denied. To grant compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors support compassionate release. Under Section 3553(a), the Court must impose a sentence that, among other things, reflects the seriousness of the offense and protects the public.

The Court has previously found in Mr. Bell's case "that the need for deterrence and to protect the public

4

weighs against release." (Doc # 67 at 5). The Court maintains this determination.

Furthermore, the Court agrees with the United States that Mr. Bell's "criminal history demonstrates a substantial risk that he will commit additional crimes upon his release from prison, as that has been his pattern throughout his adult life." (Doc. # 72 at 19). Mr. Bell pleaded guilty to being a felon in possession of a firearm. (Doc. # 20 at 1). He was an armed career criminal at the time of the offense, and between November 14, 2012, and March 25, 2013, Mr. Bell sold cocaine and a 12-gauge shotgun to an undercover officer. (Doc. # 72 at 1-2). As the United States notes, his prior convictions include delivery of cocaine, possession of cocaine, possession of cocaine with intent to deliver within one-thousand feet of a school, and possession of cocaine with intent to sell. (Id. at 19).

The Section 3553(a) factors thus weigh against compassionate release. The Court finds that Mr. Bell's history, the nature of the offense, and the need to protect the public, promote respect for the law, and deter future

crimes weigh against release at this time. Therefore, the Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Ronald Bell's pro se Motion for Compassionate Release (Doc. # 68) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of April, 2025.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE